## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**AYYAKKANNU MANIVANNAN,**      :

     **Plaintiff**      :      **CIVIL ACTION NO. 4:21-1359**

     **v.**      :      **(JUDGE MANNION)**

**COUNTY OF CENTRE,**      :
**PENNSYLVANIA,** *et al.,*
     :
     **Defendants**

     :

### MEMORANDUM

Pending before the court is the August 19, 2022, report of Judge Schwab, (Doc. 55), which recommends that the motions to dismiss filed by the defendants, (Docs. 34, 36, 37 & 43), be granted in part and denied in part. On September 2, 2022, four of the defendants filed objections to Judge Schwab's report. Defendant Officer Jessica Meyer objected to Judge Schwab's recommendation that the court deny her motion to dismiss Plaintiff's malicious prosecution, due process, and conspiracy claims against her. (Doc. 56). Defendant Attorney Megan McGoron similarly objected to Judge Schwab's recommendation that the court deny her motion to dismiss all federal and state law claims against her based on the finding that she is not entitled to absolute or high public official immunity at this stage of the litigation. (Docs. 57, 58). Defendants Faith

1

Beck and Partha Mishra jointly objected to Judge Schwab's recommendation that the court deny their joint motion to dismiss with respect to Plaintiff's state law claims for malicious prosecution and civil conspiracy. (Docs. 59, 60). On September 16, 2022, Plaintiff filed a brief responding to the defendants' objections and urging the court to adopt Judge Schwab's report. (Doc. 61). On September 23, 2022, Officer Meyer filed a reply brief in support of her objections and in response to Plaintiff's brief. (Doc. 62).

Based on the court's review of the record, the court will **ADOPT IN ITS ENTIRETY** Judge Schwab's Report and Recommendation ("R&R"). The court will **GRANT**, in part, and **DENY**, in part, the defendants' motions to dismiss as explained below.

## I.    STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the

magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. "[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." *Garceran v. Morris County Prosecutors Office*, No. 14–2135 (CCC-MF), 2015 WL 858106, at *1 (D.N.J. Feb. 27, 2015) (citing *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987)).

Finally, since Judge Schwab states the appropriate standards for motions to dismiss and for Plaintiff's civil rights claims, the court will not fully repeat them herein, (*see* Doc. 55), except to reiterate the fundamental principle of law in deciding motions to dismiss that the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Black v. Montgomery Cnty.*, 835 F.3d 358, 364 (3d Cir. 2016) (internal citation omitted).

## II.    DISCUSSION[1]

In her report, Judge Schwab neatly organized the issues presented by the motions to dismiss accordingly: (1) the timeliness of Plaintiff's claims; (2) whether Attorney McGoron, as a county prosecutor, is entitled to absolute immunity; (3) whether Plaintiff has sufficiently stated federal and state law malicious prosecution claims; (4) whether Plaintiff has sufficiently stated federal due process claims; (5) whether Plaintiff has stated §1983 and state law civil conspiracy claims; and (6) whether Plaintiff has stated §1983 *Monell* claims against Centre County and

---

[1]Since Judge Schwab states the full factual background of this case in her report, it will not be fully repeated herein.

Pennsylvania State University. The court will address Judge Schwab's findings with respect to each issue and objections thereto in turn.

### A. Timeliness of Plaintiff's Claims

Judge Schwab's report first addressed whether Plaintiff's claims are time-barred. Section 1983 claims, like any other civil cause of action, must be filed within a certain timeframe. *Coello v. DiLeo*, 43 F.4th 346, 351 (3d Cir. 2022). As Judge Schwab explained:

> A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal injury claims. *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Pennsylvania, the applicable state in this case, mandates a two-year statute of limitations for personal injury claims. 42 Pa. C.S. §5524(2). Thus, a §1983 claim arising in Pennsylvania is subject to a two-year statute of limitations. *Fitzgerald v. Larson*, 769 F.2d 160, 162 (3d Cir. 1985).

Here, Plaintiff filed his complaint on August 4, 2021. Thus, the question is whether the statute of limitations began to run—or, in other words, whether Plaintiff's claims accrued—before August 4, 2019.[2] Judge Schwab found that the point when the statute of limitations for Plaintiff's

---

[2] While the statute of limitations in §1983 actions is determined by looking to state law, claim-accrual issues are decided by looking to federal law as Judge Schwab correctly did in her report. *See Coello*, 43 F.4th at 352 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

§1983 claims began to run was on August 6, 2019, when the prosecution voluntarily dismissed all criminal charges against him; thus, Plaintiff's complaint filed August 4, 2021, was within the two-year window. Officer Meyer objects to this finding, arguing—as she did before Judge Schwab—that the statute of limitations began to run, at the latest, once the Pennsylvania Superior Court vacated Plaintiff's conviction and remanded the matter for retrial on May 4, 2018. (Doc. 56 at 7–8).[3] However, Judge Schwab rightly rejected this argument in accordance with applicable Supreme Court and Third Circuit case law which dictates that claims for malicious prosecution and fabrication of evidence (and related conspiracy claims) accrue after the criminal proceedings have terminated in the plaintiff's favor. *See Coello*, 43 F.4th at 353 ("[A] §1983 claim that attacks the validity of a plaintiff's conviction or sentence does not accrue for statute-of-limitations purposes until the underlying criminal case is favorably terminated.") (citing *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994)); *McDonough v. Smith*, 139 S. Ct. 2149, 2156–57 (a §1983 claim alleging that the plaintiff's conviction was obtained with fabricated evidence

---

[3] Officer Meyer also notes in her objections that Judge Schwab incorrectly stated that Officer Meyer argued Plaintiff's malicious prosecution claims were time barred, but she only argued that Plaintiff's claims *except* those for malicious prosecution were time barred. Despite this alleged inaccuracy, Judge Schwab correctly analyzed whether any of Plaintiff's claims are time barred and found they are not.

was akin to a malicious prosecution claim and thus did not accrue until favorable termination).

Plaintiff's criminal case was favorably terminated no earlier than August 6, 2019, when the charges against him were dismissed. Judge Schwab properly rejected Officer Meyer's argument that Plaintiff's claims accrued when his original conviction was vacated by the Pennsylvania appellate court because, rather than terminating Plaintiff's criminal case, that court expressly provided for its continuance by ordering retrial.[4]

Officer Meyer also asserts Judge Schwab erred in finding Plaintiff's claims were timely because the report wrongly characterized Plaintiff's

---

[4] Federal courts in the Third Circuit and beyond agree that a §1983 plaintiff's underlying criminal case does not "terminate" favorably for claim accrual purposes when his original conviction is vacated and remanded for retrial. *See, e.g., Munchinski v. Solomon*, No. 2:05-cv-01125, 2006 WL 8457124, at *4 (W.D. Pa. Aug. 16, 2006) ("[O]ur circuit has held that a §1983 cause of action accrues only when the conviction is dismissed outright without an order for a retrial.") (citing *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996)); *Williams v. Brown*, No. 96-cv-7450, 1997 WL 617032, at *4 (E.D. Pa. Sept. 30, 1997) ("Because one element of malicious prosecution is a termination of the proceedings in the Plaintiff's favor, the statute of limitations in malicious prosecution claims, and related conspiracy claims, begin to run when the underlying criminal proceedings have been terminated in the plaintiffs favor . . . [a]ctions are thus timely when filed within two years from the date of acquittal, reversal by a higher court (with retrial barred), or a dismissal of criminal proceedings."); *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 390 (4th Cir. 2014) ("The grant of a new trial does not terminate the proceedings against a defendant 'in such a manner that [they] cannot be revived.'") (citing W. Page Keeton, et al., *Prosser & Keeton on Torts* §119 (5th ed. 1984)); *Bradford v. Scherschligt*, 803 F.3d 382, 388–89 (9th Cir. 2015) (same).

claims against Officer Meyer as "fabrication of evidence" claims, when, according to Officer Meyer's reading of the complaint, Plaintiff's allegations against her only pertain to the sufficiency of her investigation and her review of evidence received from the victims. However, at the 12(b)(6) stage, the court must decline Officer Meyer's invitation to an exceedingly narrow reading of Plaintiff's complaint which alleges, e.g., Officer Meyer "deprived [Plaintiff] of his clearly established constitutional right to due process of law and to a fair trial by fabricating inculpatory evidence. . . ." (Doc. 30, ¶67). In fact, a reasonable reading of Plaintiff's complaint reveals Judge Schwab did not err in characterizing some of Plaintiff's claims as "fabrication of evidence" claims. Accordingly, Officer Meyer's objections to the timeliness section of Judge Schwab's report are overruled.[5]

### B. Absolute Immunity for Attorney McGoron

Next, Judge Schwab's report addressed whether Attorney McGoron, as a county prosecutor, is entitled to absolute immunity from this suit.

---

[5] Officer Meyer also apparently objects to Judge Schwab's finding that Plaintiff's remaining claims beyond malicious prosecution and fabrication of evidence are also timely, asserting "the Report offers no analysis as to how or why such claims are timely." (Doc. 56 at 7). While perhaps not to Officer Meyer's liking, Judge Schwab did analyze the timeliness of Plaintiff's other claims. This objection is thus overruled because Officer Meyer has not provided a sufficient basis for it, and the court finds no error in the report's analysis.

Attorney McGoron asserted in her motion to dismiss, (Docs. 34, 35), that the federal "absolute immunity" and Pennsylvania state "high public official immunity" protect her from the federal and state claims Plaintiff asserts against her. To claim absolute immunity, Attorney McGoron must show that the conduct triggering absolute immunity—i.e., "judicial" or "quasi-judicial" conduct, *see Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008)— clearly appears on the face of the complaint. *See Weimer v. Cty. of Fayette*, 972 F. 3d 177, 187 (3d Cir. 2020). Attorney McGoron's burden is a heavy one. *Odd*, 538 F.3d at 207–08. This fact-intensive, functional inquiry asks whether Attorney McGoron's alleged conduct is better categorized as "administrative" or "investigatory," *see Weimer* 972 F.3d at 187, entitling her to qualified immunity, or as "intimately associated with the judicial phase of the criminal process," *see Fogle v. Sokol*, 957 F.3d 148, 159–60 (3d Cir. 2020), for which absolute immunity would apply.

Considering the various allegations made by Plaintiff against Attorney McGoron, Judge Schwab found that it is not clear from the face of Plaintiff's amended complaint that Attorney McGoron is entitled to absolute immunity and accordingly denied its application:

> Here, based on [Plaintiff's] amended complaint, it is unclear when McGoron exactly interacted with the DOE and when she advised Officer Meyer. The amended complaint states that, on March 19, 2015,

9

[Plaintiff] was charged with one count of harassment by communication under 18 Pa. C.S. §2709 (a)(7) and one count of stalking under 18 Pa. C.S. §2709.1(a)(2). On December 10, 2015, [Plaintiff] was also charged with five felony counts of unlawful use of a computer. [Plaintiff] claims that "throughout 2015, a Centre County Assistant District Attorney, Megan McGoron, improperly colluded with attorney-advisor Mark Hunzeker and others at the Department of Energy to obtain records of the Department of Energy in violation of the Privacy Act of 1974." Construing [Plaintiff's] allegation as true, we cannot conclude when in 2015 McGoron conducted these alleged investigatory actions against [Plaintiff], and thus, we cannot determine if it was before or after the filing of charges. And because the defendant "bears a heavy burden to demonstrate entitlement to absolute immunity," we cannot conclude, at this stage, that McGoron is entitled to absolute immunity.

(Doc. 55 at 18–19) (citations omitted). Judge Schwab also denied application, at this stage, of Pennsylvania's high public official immunity to shield Attorney McGoron from Plaintiff's state law claims against her for the same reasons her absolute immunity claim failed. (Doc. 55 at 19, n.2).

Attorney McGoron objects to this section of the report, arguing Judge Schwab erred in denying application of absolute immunity and high public official immunity. (Doc. 57). In doing so, Attorney McGoron essentially repeats the same arguments that were before Judge Schwab, namely that the alleged wrongful acts committed by Attorney McGoron are best characterized as prosecutorial acts with intimate connection to the judicial

10

process, and thus, Attorney McGoron is immune from this suit. As such, the court will overrule Attorney McGoron's objections since the court finds no error in Judge Schwab's denial of absolute immunity and high public official immunity at this stage of the litigation and agrees with the sound reasoning that led Judge Schwab to this conclusion.

### C. Malicious Prosecution Claims

Next, Judge Schwab's report analyzed the defendants' motions to dismiss with respect to Plaintiff's federal and state law malicious prosecution claims. To prove a federal malicious prosecution claim under 42 U.S.C. §1983, a plaintiff must demonstrate that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) (citations omitted). "Similarly, a plaintiff pursuing a claim based on the Pennsylvania common law tort of malicious prosecution must establish the same first four required elements of a Fourth Amendment malicious

prosecution claim; however, there is no requirement to prove a deprivation of liberty." *Henderson v. City of Philadelphia*, 853 F.Supp.2d 514, 518 (E.D. Pa. 2012) (citing *Merkle v. Upper Dublin Sch. Dist.,* 211 F.3d 782, 791 (3d Cir. 2000)).

### 1. Malicious prosecution against Attorney McGoron and Officer Meyer

Officer Meyer's motion to dismiss attacked Plaintiff's pleading with respect to the first element—whether Officer Meyer initiated criminal proceedings against Plaintiff. Judge Schwab rejected Officer Meyer's argument that she did not initiate the prosecution since it is typically the prosecutor who initiates the criminal proceeding. As Judge Schwab pointed out, it is true that ""[i]n most circumstances, a plaintiff cannot establish the initiation element of a malicious prosecution claim against a police officer because prosecutors, rather than police officers, initiate criminal proceedings." *Arnold v. City of Phila.*, No. 16-cv-4103, 2017 WL 6497321, at *8 (E.D. Pa. Dec. 19, 2017) (citation omitted). However, a court "may find that a police officer initiated a criminal proceeding if the officer knowingly provided false information to the prosecutor or otherwise prevented the prosecutor from making an informed decision to prosecute." *Id.* at *8 (internal quotations omitted). Judge Schwab proceeded to lay out

some of the relevant factual allegations Plaintiff made in his amended complaint regarding Officer Meyer's initiation of the criminal proceedings:

> [Plaintiff] alleges that Officer Meyer obtained information from Verizon and Google that proved Beck had fabricated evidence against him. Doc. 30 at ¶ 28. Additionally, [Plaintiff] claims that Officer Meyer and McGoron received an email that contradicted Beck's claim that [Plaintiff] contacted her after she requested him to stop. Id. Furthermore, [Plaintiff] alleges that Officer Meyer and McGoron withheld a letter from the DOE which showed that the evidence used at trial was obtained in violation of the Privacy Act of 1974. Id. at ¶ 29.

(Doc. 55 at 21). Judge Schwab found that these allegations "go beyond mere conclusions," and are thus sufficient to allege Officer Meyer "initiated criminal proceedings" against Plaintiff.

Officer Meyer objects to this finding, arguing primarily that Officer Meyer cannot be found to have "initiated criminal proceedings" against Plaintiff based on his amended complaint because there are no allegations that Officer Meyer "in any way knowingly deceived, misled, or omitted information from [Attorney] McGoron as the prosecutor." (Doc. 56). According to Officer Meyer, Judge Schwab "failed to apply a long line of authority, which holds that a police officer can only be liable for malicious prosecution where she has knowingly misled, or omitted material information from, a prosecutor—such that 'an intelligent exercise of the

prosecutor's discretion' is rendered 'impossible' and the officer can be considered the one to have 'initiated the prosecution.'" It is true that an officer may be liable for malicious prosecution if she knowingly misleads or withholds information from a prosecutor. *See, e.g., Harris v. City of Philadelphia*, No. CIV. A. 97-3666, 1998 WL 481061, at *5 (E.D. Pa. Aug. 14, 1998) ("[A] police officer may be held to have 'initiated' a criminal proceeding if [s]he knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion."). It is also true that an officer may be liable for malicious prosecution in the broader sense articulated by the Third Circuit, i.e., if she "*influenced or participated in* the decision to institute criminal proceedings." *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014) (emphasis added).

There is no question Plaintiff's amended complaint alleges Officer Meyer influenced or participated in the decision to initiate criminal proceedings against Plaintiff. Indeed, in addition to the allegations Judge Schwab relied upon, Plaintiff's amended complaint also clearly alleges "Defendant Meyer initiated the prosecution by filing a criminal complaint on March 19, 2015, charging [Plaintiff] with one count of harassment and one count of stalking," and "Meyer and McGoron initiated new criminal proceedings against [Plaintiff] on December 10, 2015, when they filed five

14

counts of unlawful use of a computer against [Plaintiff]." (*See* Doc. 30, ¶¶ 54, 58).

Thus, Officer Meyer's objection fails for the same reason her objection to Judge Schwab's timeliness analysis failed: her objection invites the court to adopt an exceedingly narrow reading of Plaintiff's amended complaint, which the court cannot do at the motion to dismiss stage. Plaintiff's amended complaint plainly provides multiple allegations that Officer Meyer initiated criminal proceedings against Plaintiff, which is enough to survive a 12(b)(6) motion to dismiss as Judge Schwab found. Whether Plaintiff has competent record evidence to support his allegations is a question for a Rule 56 motion for summary judgment. Thus, the court will overrule Officer Meyer's objection.

Next, Judge Schwab addressed Officer Meyer's argument attacking Plaintiff's pleading with respect to the fourth element of malicious prosecution—the defendant's malicious intent. Judge Schwab found that Plaintiff sufficiently alleged Officer Meyer acted with malice because he specifically alleged that she knowingly failed to disclose exculpatory evidence and ignored fabricated evidence, which can create an inference of malice. (Doc. 55) (citing *Washington v. Brown*, No. 16-cv-02955, 2017 WL 1833007, at *7 (E.D. Pa. May 5, 2017)). No objections were made to

15

this section of the report, and the court will adopt it since the court agrees with the sound reasoning of Judge Schwab which led to her conclusion.

### 2. Officer Meyer's immunity under state law

Next, Judge Schwab rejected Officer Meyer's argument that she is entitled to immunity from Plaintiff's malicious prosecution claims under Pennsylvania's Political Subdivision Tort Claims Act (PSTCA). Judge Schwab found that even if this immunity applied to Officer Meyer—which Judge Schwab explained is not entirely clear since Officer Meyer is an officer for Pennsylvania State University, not a municipal officer—the immunity under the PSTCA does not apply when the act of the employee that cased the injury "constituted a crime, actual fraud, actual malice or willful misconduct." 42 Pa. C.S. §8550. Thus, Officer Meyer is not entitled to immunity since Plaintiff sufficiently alleged she acted with malice. There were similarly no objections made to this finding by Judge Schwab, which the court finds to be correct and will adopt.

### 3. Issue preclusion

Next, Judge Schwab addressed Attorney McGoron's and Officer Meyer's argument that Plaintiff's malicious prosecution claims are barred

by the doctrine of issue preclusion because the underling facts of Plaintiff's litigation related to Defendant Beck were addressed in *Manivannan v. Dep't. of Energy*.[6] Judge Schwab outlined the applicable issue preclusion standards, which will not be fully repeated herein. (*See* Doc. 55 at 25–27). Judge Schwab ultimately rejected this argument because, in the present case, Plaintiff's claims hinge upon his allegation that there was no probable cause to initiate the criminal proceedings against him, while in *Manivannan v. Dept. of Energy* the Merit Systems Protection Board found that Plaintiff engaged in misconduct towards Beck, not that the defendants had probable cause to initiate the criminal proceedings. Thus, since the doctrine of issue preclusion requires "the issue sought to be precluded [be] the same as that involved in the prior action," *Peloro v. United States*, 488 F.3d 163, 175 (3d Cir. 2007), Judge Schwab found the doctrine inapplicable to this case. None of the parties objected to this finding in the report. Based on the court's review, the court finds no error in Judge Schwab's report on this issue and will therefore adopt it.

---

[6] In *Manivannan v. Dep't. of Energy*, Plaintiff pursued relief for an alleged retaliation for whistleblowing activities under the Civil Service Reform Act of 1978, Pub. L. No. 95-454. *See Ph.D., Manivannan, Ayyakkannu v. Dep't. of Energy*, No. PH-1221-18-0230-W-3, 2020 WL 1130149 (M.S.P.B. Mar. 4, 2020), *aff'd*, No. 20-1804, 2021 WL 4735304 (Fed. Cir. Oct. 12, 2021).

### 4. State law malicious prosecution claims against Beck and Mishra

Next, Judge Schwab addressed defendants Beck and Mishra's motion to dismiss Plaintiff's state law malicious prosecution claims which attacked Plaintiff's pleading with regard to the initiation of criminal proceedings, probable cause, and favorable termination elements. First, Beck and Mishra argued that, since they are private individuals, they could not have initiated the criminal proceedings against Plaintiff. Beck and Mishra argued further that, similar to the argument advanced by Officer Meyer, since Attorney McGoron and Officer Meyer knew the allegations made against Plaintiff by Beck and Mishra were false, Beck and Mishra cannot be found to have initiated criminal proceedings against Plaintiff. Judge Schwab rejected this argument based on the numerous courts in the Third Circuit that have found "a private citizen can be liable for malicious prosecution . . . if she procured the prosecution . . . by giving false information to a public official that leads to the initiation of proceedings." *Zabresky v. Von Schmeling*, No. 3:12-cv-0020, 2013 WL 315718, at *9 (M.D. Pa. Jan. 28, 2013) (internal quotations omitted).[7]

---

[7] *See also Macolino v. Twp. of Lower Moreland*, No. 19-cv-1476, 2020 WL 5820742, at *11 (E.D. Pa. Sept. 30, 2020) (denying the motion to dismiss the plaintiff's malicious prosecution claim against a private individual because the plaintiff alleged that the private individual knowingly

Thus, since Plaintiff alleges that Beck and Mishra knowingly provided false and fabricated evidence to Officer Meyer, which ultimately led to his prosecution, Judge Schwab found that Plaintiff's amended complaint satisfied the first element of state malicious prosecution.

Beck and Mishra object to Judge Schwab's finding by repeating the same argument that was before Judge Schwab, namely that they cannot be said to have initiated criminal proceedings against Plaintiff because Attorney McGoron allegedly knew their allegations against Plaintiff were false. Notably, Beck and Mishra do not cite case law for the proposition that individuals who knowingly provide false information to the police are shielded from liability so long as the police knew the information was false. This is akin to Officer Meyer's argument noted above that she should be shielded from liability because even though she allegedly participated in fabricating evidence, she turned it all over to Attorney McGoron who knew it was fabricated and proceeded to prosecute Plaintiff regardless. Though this argument seems dubious on its face, the court need not address at this stage what it means for an individual's tender of fabricated evidence to

---

provided false information to the police); *Stevens v. Sullum*, No. 3:30-cv-1911, 2021 WL 2784817, at *13 (M.D. Pa. July 2, 2021) (denying the motion to dismiss the plaintiff's malicious prosecution claim against a private individual because the plaintiff alleged that the private individual knowingly provided false information to the district attorney and that false information led to the plaintiff's prosecution).

the police to "lead to the initiation of criminal proceedings"—no doubt a fact-intensive inquiry more suited for a summary judgment motion—because Plaintiff's amended complaint plainly alleges that Beck and Mishra's false evidence provided to the police did in fact lead to Plaintiff's criminal prosecution, which is enough to survive a motion to dismiss. Accordingly, the court will adopt Judge Schwab's finding on this element and overrule Beck and Mishra's objection.

Next, Judge Schwab rejected Beck and Mishra's argument that Plaintiff failed to allege the third element of malicious prosecution related to probable cause because Plaintiff "previously conceded that probable cause existed for his prosecution when he waived his right to a preliminary hearing." Judge Schwab rightly rejected this argument at this stage because "Beck and Mishra fail to cite any record or evidence that [Plaintiff] waived his right to a preliminary hearing," and, more importantly, "nowhere in [Plaintiff's] amended complaint does he mention a preliminary hearing." Beck and Mishra object to this finding by repeating the same arguments that were before Judge Schwab and complaining Judge Schwab ignored their evidence of Plaintiff's alleged waiver, which consisted of a citation to a brief filed by the Commonwealth of Pennsylvania in the Pennsylvania Superior Court stating "[Plaintiff] waived his preliminary hearing on July 8,

20

2015." (Doc. 60 at 11). Assuming *arguendo* that an adversary's brief alleging Plaintiff waived his preliminary hearing shows that there was in fact a waiver, that evidence does not entitle Beck and Mishra to dismissal for a couple reasons. First, as Judge Schwab noted, Plaintiff's amended complaint, which the court must take as true at this stage, alleges there was not probable case to initiate criminal proceedings against him. Second, as Plaintiff points out in his response to the objections, (Doc. 61), Beck and Mishra have not provided evidence that the Commonwealth and Plaintiff did not "agree[] at the time of the waiver that the defendant later may challenge the sufficiency." Pa. R. Criminal P. 541. If there had been such an agreement, Plaintiff would be able to proceed with his state law claim against Beck and Mishra pursuant to the express language of Pennsylvania Rule of Criminal Procedure 541. Thus, this alleged evidence of waiver of Plaintiff's preliminary hearing does not, at the motion to dismiss stage, render Plaintiff's allegation of a lack of probable cause implausible. Accordingly, the court will overrule Beck and Mishra's objection and adopt Judge Schwab's finding in this regard.

Next, Judge Schwab rejected Beck and Mishra's argument that Plaintiff has not adequately alleged the second element of malicious prosecution—favorable termination—because he has not shown he is

21

innocent of the crime charged in the underlying prosecution. Judge Schwab was correct in rejecting this argument in light of the Supreme Court's recent decision in *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022), holding that a Fourth Amendment §1983 claim for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence; a plaintiff need only show that the criminal prosecution ended without a conviction (as Plaintiff has alleged here). Thus, without objection, the court will adopt Judge Schwab's finding on this issue.

Next, Judge Schwab rejected Beck and Mishra's contention that Plaintiff failed to allege malice. Judge Schwab rejected this contention because Plaintiff alleges that Beck and Mishra knowingly provided false and fabricated evidence so that Plaintiff could be prosecuted, from which malice can be inferred under applicable law. *See Washington*, 2017 WL 1833007 at *7. No objections were filed against this finding, and since the court agrees with the sound reasoning of Judge Schwab, it will adopt the report with regard to this issue as well.

22

### D. Due Process Claims

Judge Schwab's report turned next to Plaintiff's §1983 due process claims. As Judge Schwab articulated, it is well established that "'[a] defendant has a due process right to a fair trial. Government agents may not manufacture evidence and offer it against a criminal defendant.'" *Doswell v. City of Pittsburgh*, No. 07-cv-0761, 2009 WL 1734199, at *8 (W.D. Pa. June 16, 2009) (citing *Stepp v. Mangold*, No. 94-cv-309921, 1998 WL 309921, at *7 (E.D. Pa. June 10, 1998)). Judge Schwab rejected Officer Meyer's argument that Plaintiff's due process claim against her is insufficiently pled, explaining:

> As previously discussed, [Plaintiff] alleges that Officer Meyer withheld allegedly exculpatory evidence such as information from Verizon and Google that showed Beck fabricated evidence that was given to the police. Additionally, [Plaintiff] alleges that Officer Meyer "obtained evidence from Google that conflicted with Beck's fabricated screenshots and Beck's claims that her e-mail account had been hacked." These allegations sufficiently identify evidence that Officer Meyer allegedly withheld during the criminal proceedings.

(Doc. 55 at 36–37) (internal citations omitted).

Officer Meyer objects to this finding, arguing the evidence cited by Judge Schwab is the same evidence Plaintiff alleges Officer Meyer

provided to the prosecutor, "and which the prosecutor allegedly also knew, or should have known, was false." (Doc. 56 at 12). Thus, under applicable law, Officer Meyer argues, again, that she cannot be liable for Plaintiff's §1983 due process claim because Attorney McGoron knew the evidence Officer Meyer provided to her was fabricated.[8] Officer Meyer once more invites the court to employ a narrow reading of Plaintiff's amended complaint, but at this stage the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Black*, 835 F.3d at 364. Construing the complaint in the light most favorable to Plaintiff, *pro se*, the court agrees with Judge Schwab's conclusion that Plaintiff's due process claim should proceed at this stage. In addition to the allegations highlighted by Judge Schwab, Plaintiff also alleged in his amended complaint that Officer Meyer, along with Attorney McGoron, "deprived [Plaintiff] of his clearly established constitutional right to due process of law and to a fair trial by fabricating inculpatory evidence and deliberately using coercion and/or suggestion to obtain inculpatory witness statements." (Doc. 30 ¶67).

---

[8] *See id.* at 11 (citing *Doswell*, 2009 WL 1734199 at *8 (police officers may be liable under §1983 for "failing to disclose exculpatory evidence to the prosecutor")).

Whether Plaintiff can present competent evidence in support of his allegations is a question for a summary judgment motion, not a motion to dismiss.

Moreover, the court need not, at this stage, define the precise limits of the due process right at issue. This court has previously recognized that the "right to be free from falsifying documents, fabricating evidence, giving misleading or perjured testimony, and malicious prosecution" is actionable. *See Laughman v. Pennsylvania*, No. CIV.A. 1:05-CV-1033, 2007 WL 2345295, at *8 (M.D. Pa. Aug. 16, 2007) (citing *Crawford v. Commonwealth of Pennsylvania*, No. 03-693, 2005 WL 2465863, at *9-10 (M.D. Pa. Oct. 6, 2005), *vacated in part on other grounds*, 2006 WL 148881 (M.D. Pa. Jan.19, 2006)). At bottom, Plaintiff's amended complaint can be reasonably read as alleging Officer Meyer substantially and intentionally participated in a scheme with the other defendants to fabricate evidence and push forward Plaintiff's prosecution based on that evidence. The extent of Meyer's actual involvement is a question of fact not suited for a decision on a motion to dismiss. At this stage, Plaintiff's allegations are enough to show "he may be entitled to relief" on his due process claim; the court will adopt Judge Schwab's finding accordingly.

25

## E. Federal and State Civil Conspiracy Claims

Judge Schwab's report turned next to Plaintiff's federal and state law civil conspiracy claims against the defendants.[9] Judge Schwab first rejected Beck and Mishra's argument that Plaintiff's conspiracy claim against them fails because his underlying malicious prosecution claims fails, since his malicious prosecution claims will be allowed to proceed as explained above. Judge Schwab continued:

> Here, we have already found that [Plaintiff's] malicious prosecution and Due Process violation claims survives the motion to dismiss. As such, "[b]ecause the fabrication-of-evidence . . . and Fourth Amendment malicious prosecution claims survive the motions to dismiss, 'it follows that the 42 U.S.C. §1983 conspiracy claim . . . may also proceed.'" *Thorpe v. City of Philadelphia*, No. 19-cv-5094, 2020 WL 5217396, at *15 (E.D. Pa. Sept. 1, 2020) (quoting *Gibson v. Superintendent of N.J. Dept. of Law & Pub. Safety*, 411 F.3d 427, 446 (3d Cir. 2010)).

(Doc. 55 at 40). Officer Meyer objects to this finding, repeating the same argument she made before Judge Schwab that Plaintiff "asserts only the most bare and conclusory allegations" regarding conspiracy that should not survive the motion to dismiss. (Doc. 56 at 13). But Plaintiff repeatedly alleges throughout his complaint, as required to state a conspiracy claim,

---

[9] Judge Schwab articulated the appropriate standards for Plaintiff's conspiracy claims on pages 37–39 of her report. (Doc. 55).

that that the defendants acted in concert with the specific intent to violate Plaintiff's rights. Moreover, the court agrees with the logic of the Third Circuit that since Plaintiff's underlying malicious prosecution and due process claims will proceed, it follows that Plaintiff's related conspiracy claims proceed as well at this stage. *See Gibson*, 411 F.3d at 446. Thus, as Judge Schwab found, Plaintiff's conspiracy claims should proceed at this stage.[10]

### F. Plaintiff's Failure to Intervene Claim

Next, Judge Schwab's report addressed Officer Meyer and Attorney McGoron's motion to dismiss Plaintiff's §1983 failure to intervene claim. Judge Schwab outlined the standards for stating a failure to intervene claim on pages 40–41 of her report. (Doc. 55). Officer Meyer argued the failure to intervene claim should not proceed because courts within the

---

[10] Beck and Mishra also complain Judge Schwab failed to engage with their argument that Plaintiff waived his objection to their motion to dismiss his civil conspiracy claim against them because he did not respond to their arguments in his opposition to their motion to dismiss. (*See* Doc. 59, at 10–11). It is up to the district court's discretion whether to deem an argument waived when a party had an opportunity to make the argument and failed to do so. *See Confer v. Custom Eng'g Co.*, 952 F.2d 41, 44 (3d Cir. 1991). Consistent with the court's obligation to liberally construe *pro se* pleadings, the court declines to deem waived Plaintiff's argument in opposition to Beck and Mishra's motion to dismiss his civil conspiracy claim.

Third Circuit have only recognized failure to intervene claims in the excessive force context. (*See* Doc. 44 at 23–24) (citing *Thorpe v. City of Phila.*, No. 19-5094, 2020 WL 5217396, at *10 (E.D. Pa. Sept. 1, 2020)). Judge Schwab noted that *Thorpe* did not hold that a failure to intervene claim could not be established outside of the excessive force context, but she nonetheless agreed that Plaintiff's failure to intervene claim should be dismissed because Officer Meyer and Attorney McGoron are entitled to qualified immunity. Judge Schwab explained:

> Rather, the court [in *Thorpe*] merely found that a state actor was entitled to qualified immunity on a non-excessive force failure to intervene claim because it was not beyond debate that failing to intervene, in this context, violated the plaintiff's constitutional rights. *Id.* at 10-11. Thus, for a qualified immunity defense, *Thorpe* is instructive, and we find that McGoron and Officer Meyer, are entitled to qualified immunity as it relates to [Plaintiff's] failure to intervene claim against them. Accordingly, we recommend that McGoron and Officer Meyer's motion to dismiss be granted with prejudice as it relates to [Plaintiff's] failure to intervene claim.

(Doc. 55 at 42). There are no objections to this finding, and after thorough review the court agrees with the sound reasoning of Judge Schwab which led to her conclusions and will adopt them.

### G. Plaintiff's *Monell* Claims Against Centre County and PSU

Finally, Judge Schwab addressed Plaintiff's §1983 *Monell* claim against Centre County and Pennsylvania State University ("PSU").[11] As Judge Schwab explained, one way for a plaintiff to present a claim against a municipality is to allege "that an unconstitutional policy or custom of the municipality led to his or her injuries." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). Another way for a plaintiff to present a claim against a municipality is to allege that his injuries "were caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice.'" *Id.* Plaintiff attempts to allege a *Monell* claim via both avenues, and Judge Schwab found he failed to do so. Specifically, Judge Schwab found Plaintiff failed to allege a "policy-or-custom" claim because Plaintiff did not cite any written policy which states employees of Centre County and PSU should use the alleged acts used by Officer Meyer and Attorney McGoron in their investigations or prosecutions, and Plaintiff did not show this is a custom of Centre County and PSU since "proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

---

[11] Judge Schwab articulated the applicable standards for pleading a *Monell* claim on pages 43–45 of her report. (Doc. 55).

In addition, Judge Schwab found Plaintiff failed to allege a claim based on a failure or inadequacy of training, supervision, or discipline because Plaintiff alleges only the one-off instance of constitutional violations by employees of Centre County and PSU, which is not enough to show "deliberate indifference" on the part of Centre County or PSU. Judge Schwab thus recommends that the court dismiss, with leave to amend, Plaintiff's *Monell* claim against Centre County and PSU for failure to state a cause of action. No objections were filed to this section of the report. Based on the court's review of the report, the court will adopt Judge Schwab's finding with regard to Plaintiff's *Monell* claim because it agrees with the sound reasoning of Judge Schwab which led to her conclusions.

## III.   CONCLUSION

The court has reviewed the report of Judge Schwab recommending the court grant, in part, and deny, in part, the defendants' motions to dismiss. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusions in her report and finds no clear error in the record, the court will **ADOPT** the report in its entirety. The court will **GRANT** Officer Meyer and Attorney McGoron's motions to dismiss Plaintiff's §1983 failure to intervene claim and Centre County and PSU's

30

motions to dismiss Plaintiff's *Monell* claim. The court will **DENY** the motions to dismiss with regard to Plaintiff's remaining §1983 and Pennsylvania state law malicious prosecution, due process, and civil conspiracy claims. An appropriate order will issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: January 12, 2023**
21-1359-01

31